81 F.3d 161
 152 L.R.R.M. (BNA) 2319
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
KFS EXCAVATING, INC., Respondent.
 No. 96-5166.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1996.
 
 Before: LIVELY, KRUPANSKY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its September 25, 1995, decision and order in Case No. 7-CA-37062 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent did not file an answer to the complaint and has not made an appearance either before the Board or this court. Under these circumstances, we conclude the Board is entitled to the relief sought. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's decision and order in Case No. 7-CA-37062 is hereby enforced. The respondent, KFS Excavating, Inc., of Ortonville, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Unilaterally or without notice to the Union, failing to make contributions on behalf of the unit employees to the fringe benefit funds as provided for in the collective bargaining agreement with the Associated Underground Contractors, Inc., the most recent of which is effective for the period September 5, 1994, to September 1, 1997. The unit includes the following employees:
 
 
 4
 All operators employed by the respondent at its jobsites in Michigan; but excluding office-clerical employees, salesmen, watchmen, guards, supervisors as defined in the Act and all other employees.
 
 
 5
 (b) Refusing to allow an agent of the Union's fringe benefit funds to conduct an audit as provided for in the collective bargaining agreement.
 
 
 6
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (the "Act").
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Make whole its unit employees for any loss of benefits or expenses ensuing from its failure to make contractually required contributions to the various fringe benefit funds since October 5, 1994, as set forth in the remedy section of the Board's decision.
 
 
 9
 (b) Allow an agent of the fringe benefit funds of International Union of Operating Engineers, Local 324, AFL-CIO, to conduct an audit of the respondent's payroll records and other books and records to determine the extent of the respondent's compliance with the fringe benefit contribution provisions of the collective bargaining agreement.
 
 
 10
 (c) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this judgment.
 
 
 11
 (d) Post at its facility in Ortonville, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 12
 (e) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 13
 NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 14
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 15
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 16
 WE WILL NOT unilaterally or without notice to the Union, fail to make contributions on behalf of the unit employees to the fringe benefit funds as provided for in the collective-bargaining agreement with the Associated Underground Contractors, Inc., the most recent of which is effective for the period September 5, 1994, to September 1, 1997. The unit includes the following employees:
 
 
 17
 All operators employed by us at our jobsites in Michigan; but excluding office-clerical employees, salesmen, watchmen, guards, supervisors as defined in the Act and all other employees.
 
 
 18
 WE WILL NOT refuse to allow an agent of the Union's fringe benefit funds to conduct an audit as provided for in the collective-bargaining agreement.
 
 
 19
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 20
 WE WILL MAKE whole our unit employees for any loss of benefits or expenses ensuing from our failure to make contractually required contributions to the various fringe benefit funds since October 5, 1994.
 
 
 21
 WE WILL allow an agent of the fringe benefit funds of International Union of Operating Engineers, Local 324, AFL-CIO to conduct an audit of our payroll records and other books and records to determine the extent of our compliance with the fringe benefit contribution provisions of the collective-bargaining agreement.
 
 
 22
 KFS EXCAVATING, INC.